**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Myles McGuire** (to be admitted *pro hac vice*)
Email: mmcguire@mcgpc.com
**Eugene Y. Turin** (to be admitted *pro hac vice*)
Email: eturin@mcgpc.com
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Floor
Chicago, IL 60601
Telephone: (312) 893-7002
Facsimile: (312) 275-7895

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GUNNAR AMOS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BREW DR. KOMBUCHA, LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:19-cv-01663<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Breach of Warranty<br><br>28 U.S.C. § 1332<br><br>DEMAND FOR JURY TRIAL |

1.

**PRELIMINARY STATEMENT**

Plaintiff Gunnar Amos brings this Class Action Complaint and Demand for Jury Trial against Brew Dr. Kombucha, LLC ("Defendant" or "Dr. Kombucha") on his behalf, and on

{SSBLS Main Documents/9178/001/00832348-1 }
Page 1 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

behalf of a class of individuals who purchased Defendant's "Kombucha" drink products, to seek redress for Defendant's sale of products that were falsely advertised and labeled as having a significantly higher amount of probiotic bacteria than the products sold actually contained.

2.

Defendant is a producer of various "kombucha" drink products that are sold in a variety of stores throughout the country, including Jewel Osco, Whole Foods, Costco, as well as many "health food" stores. Kombucha is a drink that is made from tea and added bacteria that cause fermentation to occur. The product is often advertised and promoted as having a variety of health benefits, including most commonly that it contains various beneficial probiotic bacteria. In the context of food products such as kombucha, probiotics commonly refers to beneficial bacteria that reside in a person's digestive system and help regulate various bodily processes. The scientific method for determining the amount of probiotic bacteria in any given product or substance is by counting the number of "Colony Forming Units" ("CFU") – that is, the number of bacterial colonies that grow from a given sample of the product.

3.

During the relevant time period, Defendant, like many other sellers of kombucha products that claim to contain beneficial probiotics, advertised to consumers on its product labeling and through its advertisements the high number of probiotic bacteria that its kombucha drink products contained. Specifically, as shown below, Defendant stated directly on its product labeling that "[e]ach bottle hosts *billions*" (emphasis added) of "live and active cultures" or "beneficial bacteria, yeasts and organic acids."

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840



*Product label from Brew Dr. Kombucha "Ginger Turmeric" drink*

*Product label from Brew Dr. Kombucha "Clear Mind" drink*

4.

However, independent laboratory testing has revealed that Defendant's product labeling and advertisements were false and misleading because its kombucha drink products contained far less probiotics than specifically represented by Defendant. In fact, Defendant's "Clear Mind" kombucha drink has been shown to contain only 50,000 CFUs of probiotic bacteria per bottle—far less than the "billions" advertised on its product labeling. Accordingly, Defendant regularly sold kombucha drink products that featured false and inaccurate representations about their probiotic content that did not correspond to the actual amount of probiotics in the product.

5.

Indeed, as shown below, it is telling that Defendant has recently changed its labeling practices to remove *all* references to the amount of probiotic content in its kombucha drinks.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

The
GOOD STUFF
Ingredients: Brewed tea (filtered water, organic green tea, organic rosemary, organic peppermint, organic sage, organic dandelion root), organic cane sugar, live kombucha culture (yeast, bacteria)
14 FL OZ
(414 ML)
USDA
ORGANIC
ORGANIC
BREW DR
KOMBUCHA
CLEAR MIND

CONTAINS 0% JUICE
NUTRITION FACTS
Serving Size 7 fl oz (207 mL)
Servings Per Container 2
Amount Per Serving
Calories 25
% Daily Value*
Total Fat 0 g 0%
Sodium 0 mg 0%
Total Carbohydrate 6 g 2%
Sugars 5 g
Protein 0 g
Not a significant source of calories from fat, sat fat, trans fat, cholest, fiber, vit A, vit C, calcium, and iron.
*Percent Daily Values are based on a 2,000 calorie diet.
From leaf to bottle
Craft brewed with organic Townshend's tea and botanicals.
No artificial nonsense.
Certified B Corporation
GLUTEN FREE
100% RAW
NON-GMO
BREWED & BOTTLED BY
BREW DR. KOMBUCHA
PORTLAND, OREGON 97202
qcs Certified organic by QCS
We support Ecology in Classrooms & Outdoors

{SSBLS Main Documents/9178/001/00832348-1 }
Page 4 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

6.

Because consumers specifically purchase kombucha products because of their probiotic content, and rely on the amount of probiotics stated on the product labeling when choosing what type and brand of kombucha drink product to purchase, Defendant's product labels and advertisements were false, misleading, and reasonably likely to deceive the public. As a result of Defendant's conduct, consumers – including Plaintiff and the other members of the proposed Class – have purchased kombucha drink products that did not have the same probiotic content as represented by Defendant.

7.

On behalf of himself and the proposed class of individuals who purchased Defendant's kombucha drink products, Plaintiff seeks damages, restitution and injunctive relief against Defendant for selling products that did not conform to the representations it made to consumers.

8.

Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

9.

**PARTIES**

Plaintiff Gunnar Amos is a natural person and a citizen of Idaho.

10.

Defendant Brew Dr. Kombucha, LLC is an Oregon corporation with its principal place of business located in Portland, Oregon. Defendant produces a variety of kombucha products, as well as designs and produces the labels for its kombucha products, in Oregon. Defendant

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

advertises and sells its kombucha products to thousands of consumers in Oregon, Idaho, and elsewhere throughout the nation.

11.

**JURISDICTION & VENUE**

This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and (d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

12.

This Court has personal jurisdiction over the Defendant because Defendant's corporate headquarters are in this District, and because Defendant does business in this District.

13.

Venue is proper under 28 U.S.C. § 1391 because Defendant resides in Portland, Oregon where this District is located and because a substantial part of the events giving rise to this claim occurred within this District.

14.

**COMMON ALLEGATIONS OF FACT**

Defendant is a manufacturer of various kombucha drink products that are sold in stores across Oregon, Idaho, and elsewhere throughout the country.

15.

Kombucha is a particular type of tea that is made with various bacteria to promote fermentation.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

16.

During the process of brewing kombucha, the bacteria added to the tea product break down sugars and other substances in the tea and as a result release organic acids and gases as a by-product. This is why kombucha often has an "effervescent" quality as if it was carbonated.

17.

While kombucha used to be primarily sold in various small local "health" food stores, in the past five years kombucha has become a particularly popular drink sold by major national grocery store chains like Costco, Jewel Osco, and Whole Foods. As one article has noted, "Kombucha is considered the fastest-growing product in the functional beverage market with sales estimates of $1.8 billion by 2020."[1]

18.

Key to kombucha's rise in popularity were numerous articles and advertisements that touted its health benefits as a result of the probiotic bacteria that drives the fermentation process. As another article from 2014 looking at kombucha's rapid rise in popularity stated, while "[m]ost of the big curative claims about kombucha are unfounded . . . some health benefits are likely since kombucha, when raw or unpasteurized, is rich in probiotics, good gut bacteria (like those in yogurt) that have been shown to boost immunity and overall health."[2]

19.

Indeed, in a consensus statement released in 2014, the International Scientific Association for Probiotics and Prebiotics stated that a review and meta-analyses of literature and

---

[1] *See* www.forbes.com/sites/christinatroitino/2017/02/01/kombucha-101-demystifying-the-past-present-and-future-of-the-fermented-tea-drink/2/#2352e3b97099.

[2] www.washingtonpost.com/lifestyle/wellness/2014/10/28/7ba5f68a-5ad6-11e4-8264-deed989ae9a2_story.html?utm_term=.953e8da876a6.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

available clinic studies shows that certain health benefits can be ascribed to probiotics that are delivered "at a functional dose" of over 1 billion CFUs.[3]

20.

These are the same minimum levels of probiotics that the Canadian Food Inspection Agency has determined are necessary for a product to make any health claims related to the presence of beneficial probiotics.[4]

21.

Because consumers specifically purchase kombucha drink products for their probiotic content, and because the amount of probiotics in a product is critical to whether it could have any beneficial impact, makers of kombucha drinks regularly state the amount of probiotics contained in their products on product labeling and advertising.

22.

Accordingly, it is not surprising that Defendant's "Brew Dr. Kombucha" brand of kombucha drinks specifically advertised on their product labeling that each bottle contained "billions" of "beneficial bacteria, yeasts and organic acids" or "live and active [probiotic] cultures."

23.

However, independent laboratory testing has shown that contrary to Defendant's representations, during the relevant time period Defendant's kombucha drinks contained as little as 50,000 CFUs of probiotic bacteria per bottle—*twenty thousand times less* than the "billions" advertised by Defendant.

---

[3] *Available at* www.nature.com/articles/nrgastro.2014.66.pdf, at 507.

[4] http://www.inspection.gc.ca/food/requirements-and-guidance/labelling/industry/health-claims/eng/1392834838383/1392834887794?chap=10.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

24.

By representing on its product labeling that its kombucha drink products contained "billions of beneficial bacteria" when in fact they contained significantly less, Defendant misrepresented to consumers the probiotic content of its kombucha drinks.

25.

**FACTS SPECIFIC TO PLAINTIFF**

Plaintiff is a frequent shopper at Costco and Fred Meyer stores, two stores that carry kombucha drink products.

26.

Having heard about the benefits of kombucha drinks, and specifically that they are known to contain beneficial probiotic bacteria, Plaintiff was looking to buy several kombucha drink products for himself.

27.

Beginning in or around 2016, Plaintiff compared several different kombucha drinks, including Defendant's kombucha drink products at the Costco store located in Coeur d'Alene, Idaho.

28.

Relying on the representations on Defendant's product labeling that its kombucha drink products contained "billions" of "beneficial bacteria," Plaintiff purchased several bottles of Defendant's kombucha drinks in the Brew Dr. Kombucha Variety Pack. The variety pack consisted of three flavors including "Superberry," "Clear Mind," and "Ginger Turmeric."

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

29.

However, contrary to Defendant's product labeling, independent testing revealed that Defendant's "Clear Mind" kombucha drink contained as little as 120 CFUs of probiotic bacteria per milliliter – a total of only about 50,000 CFUs per bottle and twenty-thousand times less than even one "billion" of what Defendant claimed.

30.

In fact, further testing of Defendant's kombucha drinks consistently revealed that its drinks contained nowhere near the "billions" of probiotic bacteria that it claimed on its product labeling.

31.

Plaintiff frequently purchased Defendant's kombucha drink products from the date of his initial purchase in 2016, up until he learned of Defendant's misrepresentations before filing this lawsuit.

32.

Plaintiff and the other members of the Class and Subclass were deceived and/or misled by Defendant's representations regarding the probiotic content of the kombucha drink products which they purchased. These representations were a material factor that influenced Plaintiff's and the other Class members' decisions to purchase Defendant's kombucha products, as kombucha drinks are specifically purchased based on their represented probiotic content.

33.

Indeed, given that the consensus statement and other national guidelines have found that food products have to contain at least 1 billion CFUs of probiotic bacteria for there to be any

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

potential benefit, the stated probiotic content of Defendant's kombucha drinks was critical to Plaintiff's and the other Class and Subclass members' decision to purchase the product.

34.

Plaintiff and the other members of the Class and Subclass would not have purchased the kombucha drink products that they bought, or would have paid materially less for them, had they known that Defendant's representations about the products' probiotic content were false and misleading.

35.

As a result, Plaintiff and the other members of the Class have been damaged by their purchases of Defendant's kombucha drink products, and have been deceived into purchasing a different product than the one they reasonably believed they were purchasing and which had significantly less probiotics than represented by Defendant on its product labeling.

36.

Defendant has received significant profits from its false marketing and sale of its kombucha drink products.

37.

**CLASS ACTION ALLEGATIONS**

Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), with one subclass (the "Subclass") defined as follows:

(i) The Class: All persons in the United States who, within the applicable statute of limitations, purchased any of Defendant's kombucha drink products at any retail store located in the United States that contained any representation regarding "billions".

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

(ii) The Subclass: All persons in the United States who, within the applicable statute of limitations, purchased any of Defendant's kombucha drink products at any retail store located in Idaho that contained any representation regarding "billions".

38.

Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

39.

Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

40.

Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

41.

The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

42.

Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

43.

There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a) Whether Defendant advertised, represented, and/or warranted that its kombucha drink products contained certain amounts of probiotic content;

(b) Whether Defendant's kombucha drink products contained the same amount of probiotic content as advertised and warranted;

(c) Whether Defendant's advertising of its kombucha drink products was false or misleading;

(d) Whether Defendant's conduct violates public policy;

(f) Whether as a result of Defendant's misrepresentations of material facts related to the probiotic content of its kombucha drink products, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses;

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

(g) Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitutionary, or other remedies, and, if so, the nature of such remedies; and

(h) Whether Defendant should be enjoined from continuing to engage in such conduct.

**FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(on behalf of the Class and the subclass)**

44.

Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

45.

Through its product labeling and advertising, Defendant expressly warranted to Plaintiff and the other members of the Class and Subclass that its kombucha drink products contained "billions" of probiotic bacteria.

46.

These affirmations of fact and promises regarding the probiotic content of its kombucha drink products were part of the basis of the bargain between Defendant and Plaintiff and the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass would not have purchased the kombucha drink products that they bought, or would have paid materially less for them, had they known that these affirmations and promises were false.

47.

Defendant breached the express warranties it represented about its kombucha drink products and their qualities because, as set forth above, the kombucha drink products purchased

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

by Plaintiff and the other members of the Class and Subclass did not actually have the same probiotic content as warranted by Defendant.

48.

As the manufacturer of its Kombucha drink products, Defendant was at all times aware of the actual probiotic content within the products purchased by Plaintiff and the other members of the Class and Subclass and that it was materially less than represented on the product labeling.

49.

As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the members of the Class and Subclass have been damaged in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**(on behalf of the Class and Subclass)**

50.

Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

51.

The implied warranty of merchantability is codified in Section 2-314 of the Uniform Commercial Code ("UCC") and requires that goods have to have adequate labeling and conform to any promises or affirmations made on any product label.

52.

Most states' laws provide for enforcement of the implied warranty of merchantability, including in Oregon pursuant to ORS 72.3140, Idaho pursuant to Idaho Code § 28-2-315, as well as other states where Defendant's kombucha drink products are sold.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

53.

Defendant, as the marketer, distributor, and producer of the kombucha drink products purchased by Plaintiff and the other members of the Class and Subclass, is a merchant, and was at all times aware of the actual probiotic content of its kombucha drink products.

54.

Plaintiff and the other Class and Subclass members purchased Defendant's kombucha drink products in a consumer transaction.

55.

Defendant's kombucha drink products were not adequately labeled because they were labeled as containing "billions" of probiotic bacteria which was not the actual probiotic content of the products sold.

56.

Defendant's kombucha drink products did not conform to the promises and affirmations made by Defendant on the product labeling because they were labeled as containing "billions" of probiotic bacteria which was not the actual probiotic content of the products sold.

57.

Plaintiff and the other Class and Subclass members did not receive the kombucha drink products that were warranted to them, as the products they purchased contained substantially less probiotic content than the products they were promised and expected.

58.

As a result of Defendant's breach of warranty, Plaintiff and the other Class and Subclass members suffered damages by purchasing kombucha drink products which they would have not

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

purchased, or would have paid materially less for, had they known that the products were not as warranted.

**THIRD CLAIM FOR RELIEF**
**Unjust Enrichment**
**(in the alternative to the First and Second Claims For Relief and on behalf of the Class and Subclass)**

59.

Plaintiff hereby incorporates the allegations set forth in Paragraphs 1–43 above.

60.

Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing its kombucha drink products.

61.

It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other Class and Subclass members' purchases of Defendant's kombucha drink products because Defendant knowingly misrepresented the qualities of its kombucha drink products and Plaintiff and the other members of the Class and Subclass would not have purchased the products that they bought, or would have paid materially less for them, had Defendant not made these misrepresentations.

62.

Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class and Subclass members in the amount which Defendant was unjustly enriched by each of their purchases of its kombucha drink products.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1. An order certifying the Class and Subclass as defined above;
2. An award of actual or compensatory damages;
3. Disgorgement of all funds unjustly retained by Defendant as a result of its unfair and deceptive sales practices; and
4. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests by jury all claims that can be so tried.

DATED this 16th day of October, 2019.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Steve D. Larson
**Steve D. Larson,** OSB No. 863540

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: slarson@stollberne.com

**Myles McGuire** (to be admitted *pro hac vice*)
**Eugene Y. Turin** (to be admitted *pro hac vice*)
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Floor
Chicago, IL 60601
Telephone: (312) 893-7002
Facsimile: (312) 275-7895
Email: mmcguire@mcgpc.com
eturin@mcgpc.com

Attorneys for Plaintiff

{SSBLS Main Documents/9178/001/00832348-1 }
Page 18 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840